# EXHIBIT "B"

U.S. DISTICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

2000 ISLAND BOULEVARD
CONDOMINIUM ASSOCIATION, INC.,

      Plaintiff,

v.

QBE INSURANCE CORPORATION,

      Defendant.

_____/

## AFFIDAVIT IN SUPPORT OF REMOVAL OF CIVIL ACTION

Before me, the undersigned, personally appeared TIMOTHY O'BRIEN who, after being duly sworn, deposes and states:

1.     My name is Timothy O'Brien, and I am over the age of 21 years and have personal knowledge of the facts set forth herein.

2.     I am a Senior Claims Representative for Florida Intracoastal Underwriters, Ltd., the managing general agent for QBE INSURANCE CORPORATION in the State of Florida.

3.     I am the adjuster assigned to the handling of the insurance claim which is the subject of this lawsuit filed by Plaintiff, 2000 Island Boulevard Condominium Association, Inc., against Defendant, QBE Insurance Corporation.

4.     Defendant QBE Insurance Corporation is a Pennsylvania corporation with its principal place of business at 88 Pine Street, 12th Floor, Wall Street Plaza, New York, New York.

5.    QBE Insurance Corporation issued a commercial property insurance policy to Plaintiff, 2000 Island Boulevard Condominium Association, Inc., bearing policy number QF3018-06, with effective dates of June 1, 2005, to June 1, 2006, for property located in Aventura, Miami-Dade County, Florida.

6.    At the time of the filing and service of the Complaint, Defendant had no information or evidence regarding the amount of damages being sought by Plaintiff. Further, the Complaint filed by Plaintiff gave no indication as to whether the amount in controversy exceeded seventy-five thousand dollars.

7.    On December 23, 2010, Plaintiff served a Response to Request for Admissions admitting that "the amount in controversy in this action exceeds seventy-five thousand dollars ($75,000.00), excluding interest, costs and attorneys fees." A copy of Plaintiff's Response to Request for Admissions is attached as Exhibit "1."

8.    Subsequently, on January 14, 2011, Defendant received a letter from Plaintiff's counsel enclosing a Sworn Statement in Proof of Loss establishing that the Plaintiff's claim for damages in this action exceeds the jurisdictional requirement of $75,000.00. In the Sworn Statement in Proof of Loss dated December 28, 2010, Plaintiff asserts that "the whole loss and damage" sustained from Hurricane Wilma was $9,905,815.57 and "the amount claimed under the...policy" is $8,644,842.50. A copy of Plaintiff's Sworn Statement in Proof of Loss is attached hereto as Exhibit "2."

9.    Plaintiff's Response to Request for Admissions dated December 23, 2010, was the first document received by Defendant from which it could be ascertained that the amount in controversy in this action exceeded seventy-five thousand dollars.

**FURTHER AFFIANT SAYETH NAUGHT**

CASE NO.: _____

_Tim O'Brien_

Timothy O'Brien

STATE OF FLORIDA                )
                                )
COUNTY OF BROWARD               )

The foregoing instrument was sworn to and subscribed before me on this ___21/___ day of January, 2011, by Timothy O'Brien, who is personally known to me, and did take an oath.

_____

Notary Public, State of Florida

Notary Stamp:



JOHN W. CUBIT
MY COMMISSION # DD823514
EXPIRES: November 01, 2012
H. Notary Discount Assoc. Co.

# EXHIBIT "1"

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO: 10-57274-CA-32
DIVISION

2000 ISLAND BOULEVARD
CONDOMINIUM ASSOCIATION, INC.,

       Plaintiff,

vs.

QBE INSURANCE CORPORATION,

       Defendant.

_____/

## PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST TO ADMIT

Plaintiff, 2000 Island Boulevard Condominium Association, Inc., by its attorneys, Childress Duffy, Ltd., Responds to the Requests for Admission propounded by Defendant, QBE Insurance Corporation, states as follows:

1.    Please admit that the amount in controversy in this action exceeds seventy-five thousand dollars ($75,000.00), excluding interest, costs and attorneys fees.

RESPONSE: Admit.

2.    Please admit that the amount in controversy in this action exceeds seventy-five thousand dollars ($75,000.00), including interest, costs and attorneys fees.

RESPONSE: Admit.

3.    Please admit that the amount in controversy in this action exceeds

seventy-five thousand dollars ($75,000.00), including attorneys' fees, but excluding

interest and costs.

RESPONSE:  Admit.


Respectfully Submitted,
2000 ISLAND BOULEVARD
CONDOMINIUM ASSOCIATION, INC.,

By: _____

Christopher N. Mammel
Florida Bar No. 54051
CHILDRESS DUFFY, LTD.
12000 Biscayne Blvd., Ste. 415
Miami, FL  33181
and
500 North Dearborn Street, Suite 1200
Chicago, Illinois 60654
Phone:  312.494.0200
Fax: 312.494.0202
cmammel@childresslawyers.com

2

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's

Responses to Defendant's Request For Admissions has been furnished via regular U.S. Mail this

23rd day of December, 2010, to:

C. Deborah Bain, Esq.
840 U.S. Highway 1
Suite 305
N. Palm Beach, FL 33408

William S. Berk, Esq.
BERK, MERCHANT & SIMS, PLC
2100 Ponce de Leon Boulevard, PH 1
Coral Gables, Florida 33134

Christopher N. Mammel
Florida Bar No. 54051
CHILDRESS DUFFY GOLDBLATT, LTD.
12000 Biscayne Blvd., Ste. 415
Miami, FL 33181
and
500 North Dearborn Street, Suite 1200
Chicago, Illinois 60654
Phone: 312.494.0200
Fax: 312.494.0202
cmammel@childresslawyers.com

EXHIBIT "2"



# Childress Duffy

January 12, 2011

C. Deborah Bain, Esq.
The Summit Building
840 US Highway 1
Suite 305
North Palm Beach, FL 33408

**Re:  2000 Island Boulevard Condominium Association, Inc.**
**Claim No: 5P18601W-S**
**DOL: 10/24/2005**

Dear Deborah:

Enclosed please find the Sworn Statement in Proof of Loss, which has been executed by my client, along with the supporting damage estimate.

We have received no response to the correspondence sent to you on December 9, 2010 offering, among other things, additional opportunities for your client to investigate this loss further. We also offered in that letter to temporarily abate proceedings in the lawsuit to allow your client time to undertake further investigation. Please let us know as soon as possible if your client wants these opportunities to investigate and verify its obligations under the policy.

2000 Island does not intend by this letter, or any aspect of its submission of this claim, to waive any rights under the subject insurance policy, applicable law or otherwise. 2000 Island expressly reserves all rights. Thank you.

Very truly yours,

Christopher Mammel

CNM/al
Enc.

# PARTIAL SWORN STATEMENT IN PROOF OF LOSS

Policy Number
**QF3018-6**
Agency at
**1515 Market Street**
**Philadelphia, PA 19103**
Agent
**QBE Insurance Corporation**

626.8797 Proof of loss; fraud statement.—All proof of loss statements must prominently display the following statement: "Pursuant to s. 817.234, Florida Statutes, any person who, with the intent to injure, defraud, or deceive any insurer or insured, prepares, presents, or causes to be presented a proof of loss or estimate of cost or repair of damaged property in support of a claim under an insurance policy knowing that the proof of loss or estimate of claim or repairs contains any false, incomplete, or misleading information concerning any fact or thing material to the claim commits a felony of the third degree, punishable as provided in s. 775.082, 's. 775.083, or s. 775.084, Florida Statutes."

Claim No. **5P18601W-S**

Expires: 06/01/2006

## QBE Insurance Corporation

At time of loss, by the above indicate policy of insurance, you insured

**2000 Island Boulevard Condominium Assoc., Inc. -2000 Island Blvd., Williams Island, FL 33160**

Against loss by    **Windstorm**    to the property, according to the terms and conditions of said policy and of all forms, endorsements,

transfers and assignments attached thereto.

**1. Time and Origin:** A    **Windstorm**    loss occurred about the hour of    12:00    o'clock    A.M.,

on the **24**th day of    **October** , **2005** The cause and origin of the said loss were:    **Windstorm**

**2. Occupancy:** The building described, or containing the property described, was occupied at the time of the loss as follows, and for no other

purpose whatever: (If property was located elsewhere, give its location.)

### AS PER POLICY

**3. Title and Interest:** At the time of the loss the interest of your insured in the property described therein was:

### AS PER POLICY

No other person had any interest therein or encumbrance thereon, except:

**None**

**4. Changes:** Since the said policy was issued there has been no assignment thereof, or change of interest, use, occupancy, possession, location or exposure of the property described, except:

### NO EXCEPTIONS, OTHER THAN PENDING CLAIM

**5. Total Insurance:** The total amount of insurance upon the property described by this policy was, at the time of the loss, $ **63,335,446.00** as more particularly specified in the apportionment attached under Schedule "C" besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

6. **The actual cash value** of said property at the time of loss was............................................................$ **N/A**

7. **The whole loss and damage was**...........................................................................................$ **9,905,815.57**

8. **Less amount of deductible**..................................................................................................$ **1,260,973.00**

9. **The amount claimed** under the above numbered policy is...............................................................$ **8,644,842.50**

The said loss did not originate by any act, design or procurement on the part of your insured or this affiant; nothing has been done by or with the privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to the extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this proof.

In consideration of and to the extent of said payment, the undersigned hereby assigns and transfers to the said company, all rights, claims, demands, and interests which the undersigned may have against any party through the occurrence of such loss and authorizes said company to sue, compromise or settle, in the name of the undersigned or otherwise, all such claims and to execute and sign releases and acquaintances in the name of the undersigned.

The furnishing of this blank or the preparation of proofs by a representative of the above insurance company is not a waiver of any of its rights.

State of    Florida

County of    Dade

Subscribed and sworn to before me this

28 day of December, 2010

NOTARY PUBLIC STATE OF FLORIDA
Maria M. Monsanto    Notary Public
Commission # DD717443
Expires:   SEP. 20, 2011
BONDED THRU ATLANTIC BONDING CO., INC.

_____
Insured

_____
Insured

_____
Insured